UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| BRITTANIE M. GAGE, AND } | |
| HEATHER P. ARNOLD, } | |
| Plaintiffs, } | Civil Action, File No. |
| v } | |
| } | |
| PERFORMANT RECOVERY, INC., } | |
| LISA IM, NATIONAL COLLEGIATE TRUST, } | |
| AND JOHN DOE 1-10 BEING THOSE } | |
| INDIVIDUALS AND COMPANIES, } | |
| CONTROLLING, SUPERVISING OR } | |
| MANAGING THE ACTIVITIES } | |
| COMPLAINED OF IN THIS ACTION } | |
| Defendants } | |

## COMPLAINT

Plaintiffs, Brittanie M. Gage [hereinafter "Gage"], and Heather P. Arnold [hereinafter "Arnold"] complains of Performant Recovery, Inc. [hereinafter "PR"], Lisa IM [hereinafter "IM"], National Collegiate Trust [hereinafter "NCT"] and John Doe 1-10, collectively, individually and in any combination known as Defendants, and shows the court the following:

1. This court has jurisdiction of this case pursuant to section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d), section 1681p of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p, and 28 USCS § 1332 (a) (1).

2. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 based on the below claim under New York General Business Law § 349.

3. Venue in this district is proper based on the location of Plaintiff's residence in this district; Defendants' regular transaction of business within this district; and Defendants' having derived substantial revenue from services rendered in this district.

1

4.  Venue in this district is proper also in light of the occurrences which form the basis for this complaint having occurred in whole or in part in this district.

5.  Gage is a natural person who currently resides at 45 Clinton Street, Avon, NY  14414.

6.  Gage is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  Arnold is a natural person who currently resides at 45 Clinton Street, Avon, NY  14414.

8.  Arnold is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

9.  Arnold is Gage's mother.

10. PR is a New York foreign business corporation with a principal place of business located at 333 North Canyons Parkway # 100, Livermore, CA  94551.

11. The principal purpose of PR is the collection of debts using the instrumentalities of interstate commerce, including mail and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. PR is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

13. Jessica Nicolson was an employee or authorized representative of PR at the time of the acts alleged in this Complaint.

14. Any of the acts alleged in this Complaint which were alleged to have been taken by Jessica Nicolson were performed by Jessica Nicolson while under the scope of Jessica Nicolson's actual or apparent authority with PR.

15. Any of the acts alleged in this Complaint which were taken or alleged to be taken by an employee or authorized representative of PR other than Jessica Nicolson were performed by those persons while under the scope of their actual or apparent authority with PR.

16. IM is an individual with a principal place of business located at Defendant, PR, at 333

2

North Canyons Parkway # 100, Livermore, CA  94551.

17. According to the records of the New York State Department of State, IM is the Chief Executive Officer of PR.

18. IM is an owner, or a main financial beneficiary of PR, and/or holds herself out as such, and/or controls and/or supervises the debt collection activities of PR.

19. IM also is a debt collector as defined by the FDCPA.

20. IM is accordingly liable for the acts of PR.

21. NCT is a Delaware Statutory Trust with a principal place of at 466 Lexington Ave., New York, NY 10017.

22. The principal purpose of NCT is the collection of debts using the instrumentalities of interstate commerce, including mail and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

23. NCT is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. John Doe 1-10 are those individuals or companies that control, supervise or manage the activities complained of in this action.

25. John Doe 1-10 are debt collectors as defined by the FDCPA.

26. John Doe 1-10 are liable for the acts of PR and NCT.

27.  The alleged debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28. Upon information and belief, on or before April 9, 2013, NCT purchased an account from Citizens Bank of Rhode Island in relation to a student loan allegedly made to Gage

3

and allegedly co-signed for by Arnold.

29. Upon information and belief, on or before April 9, 2013, NCT retained PR to collect the amount allegedly owed on the aforementioned account.

## FIRST CAUSE OF ACTION

30. Upon information and belief, on or about April 9, 2013, PR sent a letter to Gage in an attempt to collect the aforementioned debt.

31. The April 9, 2013 letter violated the FDCPA for the following reasons:

   a. It misidentified the original creditor as National Collegiate Trust amounting to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e (14) and (10);

   b. It does not set forth the amount of the debt in a manner to allow Plaintiff to determine the amount they would have to pay to satisfy the debt in full and avoid further collection efforts or to understand or ascertain if she had a dispute with the amount claimed due in violation of 15 USC 1692g(a)(1), 15 USC 1692g(a)(3), 15 USC 1692f and 15 USC 1692e;

   c. It threatens to take actions that it may not have a legal right to take and is unclear as to who may take those actions in violation of 15 USC 1692d, 15 USC 1692e, and 15 USC 1692e (5), (8), (9) and (10) and 15 USC 1692f;

   d. It fails to clearly differentiate between the methods by which Gage could dispute the validity of the debt or any portion thereof and by which Gage could exercise her rights under 15 USC 1692g(a)(4) and (5) in violation of 15 USC 1692g(a)(3), 15 USC 1692f and 15 USC 1692e;

   e. It attempts to collect a debt when Defendants cannot obtain or do not know whether

4

they can obtain the proof required to prove the Gage owed the debt in violation of 15 USC 1692f, 15 USC 1692f (1), 15 USC 1692d, 15 USC 1692e, and 15 USC 1692e (5), and (10); and

f.  It seeks amounts beyond the actual amount actually loaned, if any, when Defendants cannot obtain or do not know whether they can obtain the written admissible agreement which legally entitles Defendants to collect or seek amounts beyond the actual amount actually loaned in violation of 15 USC 1692f, 15 USC 1692f (1), 15 USC 1692d, 15 USC 1692e, and 15 USC 1692e (5), and (10).

## SECOND CAUSE OF ACTION

32.  Upon information and belief, in May 2013, Arnold started receiving telephone calls from Jessica Nicolson of PR in an attempt to collect the aforementioned debt.

33.  Upon information and belief, neither Jessica Nicolson nor anyone else from PR or Defendant provided Arnold with the information required by 15 USC 1692g either at the time of the initial communication or within five days afterward.

## THIRD CAUSE OF ACTION

34.  Upon information and belief, Jessica Nicolson of PR attempted to collect the aforementioned debt from Arnold.

35.  Upon information and belief, Jessica Nicolson of PR admitted to Arnold during a telephone call in May 2013 that she did not have proof of the debt.

36.  Defendants attempted to collect a debt from Arnold when Defendants could not obtain or did not know whether they could obtain the proof required to prove Arnold owed the debt in violation of 15 USC 1692f, 15 USC 1692f (1), 15 USC 1692d, 15 USC 1692e, and 15 USC 1692e (5), and (10).

5

## FOURTH CAUSE OF ACTION

37. Upon information and belief, Jessica Nicolson of PR attempted to collect the aforementioned debt from Gage.

38. Upon information and belief, Jessica Nicolson of PR admitted during a telephone call in May 2013 that she did not have proof of the debt.

39. Defendants attempted to collect from Gage an amount beyond the actual amount actually loaned, if any, when Defendants could not obtain or did not know whether they could obtain the written admissible agreement which legally entitles Defendants to collect or seek amounts beyond the actual amount actually loaned in violation of 15 USC 1692f, 15 USC 1692f (1), 15 USC 1692d, 15 USC 1692e, and 15 USC 1692e (5), and (10).

## FIFTH CAUSE OF ACTION

40. Upon information and belief, Jessica Nicolson of PR in an attempt to collect the aforementioned debt from Arnold made the following statements or took the following actions in regard to Arnold in violation of the FDCPA:

   a. Told Arnold in May 2013 that if you co-sign on one loan you co-sign on them all in violation of 15 USC 1692e, 15 USC 1692e (2) (A) and 15 USC 1692f ;

   b. Told Arnold that she had an open line of credit called your 401K or SS in violation of 15 USC 1692e, 15 USC 1692e (4), (5) and (10), 15 USC 1692d and 15 USC 1692f; and

   c. Made statements to Arnold that made her feel that she would be financially ruined in violation of 15 USC 1692e, 15 USC 1692e (4), (5), 15 USC 1692d and 15 USC 1692f.

   d. Called Arnold on a daily basis and kept telling her it was the last day she could help

6

her in violation of 15 USC 1692e, 15 USC 1692e (2) (A) and 15 USC 1692f.

## SIXTH CAUSE OF ACTION

41. Upon information and belief, Jessica Nicolson of PR in an attempt to collect the aforementioned debt from Gage made the following statements or took the following actions in regard to Gage in violation of the FDCPA:

    a.   Kept telling Gage that it was the very last day she could help either her or her mom, Arnold, in violation of 15 USC 1692e, 15 USC 1692e (2) (A) and 15 USC 1692f;

    b.   Told Gage that Arnold had an open line of credit called her 401K or SS in violation of 15 USC 1692e, 15 USC 1692e (4), (5) and (10), 15 USC 1692d and 15 USC 1692f; and

    c.   Represented herself as her Case Worker in violation of 15 USC 1692e, 15 USC 1692e (10) and 15 USC 1692f.

## SEVENTH CAUSE OF ACTION

42. Jessica Nicolson of PR  and/or PR called Arnold several times a day over a three week period

43. These persistent and frequent calls amounted to harassment or abuse in violation of 15 USC 1692d and 15 USC 1692d (5) and (6).

## EIGHTH CAUSE OF ACTION

44. Plaintiffs reallege paragraphs 1-43 of this Complaint.

45. Upon information and belief, on or about April 9, 2013 or at a point subsequent thereto, Defendants certified to a consumer reporting agency that it had a legal right to obtain a copy of Arnold's consumer report and did obtain a copy.

46. In light of the aforementioned lack of proof and Defendants' lack of knowledge of the

availability of proof, Defendants violated 15 USC 1681b and 15 USC 1692c(b) in regard to Arnold.

## NINTH CAUSE OF ACTION

47. Plaintiffs reallege paragraphs 1-43 of this Complaint.

48. Upon information and belief, on or about April 9, 2013 or at a point subsequent thereto, Defendants certified to a consumer reporting agency that it had a legal right to obtain a copy of Gage's consumer report and did obtain a copy.

49. In light of the aforementioned lack of proof and Defendants' lack of knowledge of the availability of proof, Defendants violated 15 USC 1681b and 15 USC 1692c(b) in regard to Gage.

## TENTH CAUSE OF ACTION

50. Gage realleges paragraphs 1-49 of this Complaint.

51. Gage is a consumer.

52. The actions, misrepresentations and violations of the FDCPA and FCRA set forth above were directed at Gage, and therefore are consumer oriented.

53. Defendants regularly attempt to collect debts from tens of thousands of consumers. Upon information and belief, the same or similar actions, misrepresentations and violations of the FDCPA and FCRA set forth above were directed at many consumers as part of regular practice of Defendants. For this additional reason, the actions, misrepresentations and violations of the FDCPA and FCRA set forth above are consumer oriented.

54. The aforementioned action and misrepresentations were deceptive or misleading both in their own right and as a result of their violation of the FDCPA and FCRA.

55. Gage suffered injuries as a result of the deceptive or misleading acts including but not limited to the aforementioned violations of her rights under the FDCPA and FCRA along with the cost and effort of defending herself against a debt which Defendants had no legal right to collect and severe emotional distress.

56. In light of the facts set forth in paragraphs 50-55, each of the actions, misrepresentations and violations of the FDCPA and FCRA set forth above constitute a violation of General Business Law 349 by Defendants.

### ELEVENTH CAUSE OF ACTION

57. Arnold realleges paragraphs 1-49 of this Complaint.

58. Arnold is a consumer.

59. The actions, misrepresentations and violations of the FDCPA and FCRA set forth above were directed at Arnold, and therefore are consumer oriented.

60. Defendants regularly attempt to collect debts from tens of thousands of consumers. Upon information and belief, the same or similar actions, misrepresentations and violations of the FDCPA and FCRA set forth above were directed at many consumers as part of regular practice of Defendants.   For this additional reason, the actions, misrepresentations and violations of the FDCPA and FCRA set forth above are consumer oriented.

61. The aforementioned action and misrepresentations were deceptive or misleading both in their own right and as a result of their violation of the FDCPA and FCRA.

62. Arnold suffered injuries as a result of the deceptive or misleading acts including but not limited to the aforementioned violations of her rights under the FDCPA and FCRA along with the cost and effort of defending herself against a debt which Defendants had no

legal right to collect and severe emotional distress.

63. In light of the facts set forth in paragraphs 57-62, each of the actions, misrepresentations and violations of the FDCPA and FCRA set forth above constitute a violation of General Business Law 349 by Defendants.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of each Plaintiff and against each Defendant for:

1. Statutory damages and actual damages incurred by each Plaintiff for each of the violations of the FDCPA and FCRA along with costs and attorney's fees incurred by each Plaintiff;

2. Statutory and actual damages incurred by each Plaintiff for each of the violations of General Business Law 349 along with costs and attorney's fees incurred by each Plaintiff;

3. Any and all other relief deemed just and warranted by this court for each Plaintiff.

Dated:          March 24, 2014


/s/_____                    /s/_____
Mitchell L. Pashkin (MP 9016)                    Frank Borgese, Esq. (9307
Attorney For Plaintiff                           Attorney For Plaintiff
25 Harriet Lane                                  Graham & Borgese, LLP
Huntington, NY  11743                            482 Delaware Avenue
(631) 335-1107                                    Buffalo, NY  14202
                                                 (716) 200-1520

File No.

_____

BRITTANIE M. GAGE, AND
HEATHER P. ARNOLD,

                  Plaintiffs,

     -v-

PERFORMANT RECOVERY, INC.,
LISA IM, NATIONAL COLLEGIATE TRUST,
AND JOHN DOE 1-10 BEING THOSE
INDIVIDUALS AND COMPANIES,
CONTROLLING, SUPERVISING OR
MANAGING THE ACTIVITIES
COMPLAINED OF IN THIS ACTION

                  Defendants.

_____

**COMPLAINT**

_____

Mitchell L. Pashkin           Frank Borgese, Esq.
Attorney For Plaintiff      Attorney For Plaintiff
25 Harriet Lane           Graham & Borgese, LLP
Huntington, NY  11743     482 Delaware Avenue
(631) 335-1107           Buffalo, NY  14202
                        (716) 200-1520